## No. 7944.

The Town of Donaldsonville vs. The Police Jury of Ascension.

*An Appeal does not lie from a preliminary Injunction pendente lite.*

APPEAL from the Twenty-Second Judicial District Court, parish of Ascension. *Cheevers, J.*

---

*R. N. Sims* for Plaintiff and Appellee:

First—A suspensive appeal will not lie from an original order granting a writ of injunction. 29 An. 869; 3 Rob. 437.

Second—The State of Louisiana is not a party to this suit, has not intervened therein, and is without interest. The State had no right to appeal. 2 An. 986; 4 N. S. 342; 1 N. S. 309.

*F. B. Earhart,* District Attorney, for Defendant and Appellant:

Where the District Attorney is enjoined from prosecuting violators of the Sunday-law ordinance of a parish (having the force and effect of a criminal statute, adopted by police juries under Act No. 84, Session Acts 1878), and where such decrees, mandates or orders cause an irreparable injury and dead-lock, will justify this Court, in order to disentangle it, to entertain an appeal of the State, and its officers, suspending the operations of such decrees. 30 An. 308; C. P. 556; 14 An. 59; 10 An. 752; 31 An. 663; 31 An. 545; 32 An. 891; State vs. Tyron, 39 Conn. 183; 4 An. 11.

In order to test the illegality or constitutionality of Sunday-law ordinances, adopted by police juries, under Act. 84, 1878, the remedy is not by injunction. 31 An. 545; 31 An. 663; 32 An. 891; 4 An. 11; State vs. Tyron, 39 Conn. 581.

---

On Motion to Dismiss.

The opinion of the Court was delivered by

TODD, J. The Police Jury of the parish of Ascension having passed an ordinance requiring stores, shops, groceries and other places of

business, to be closed on Sunday, the town of Donaldsonville, situated in said parish, obtained an injunction from the District Court of said parish restraining the Police Jury and the District Attorney, as the legal adviser of said body, from enforcing the said ordinance within the corporate limits of said town.

From the order granting the injunction the District Attorney applied for and obtained a suspensive appeal in the name of the State.

There is a motion made to dismiss this appeal on the ground, substantially, that no appeal would lie from such an order, it being a mere preliminary order of injunction rendered in a pending suit, interlocutory in its character, and one which could not cause irreparable injury.

As we are not called on to say whether an appeal in such a case could be taken by the State, or whether or not the State was in any manner a party to the proceeding instituted in the lower court, or had any appealable interest in the subject matter thereof, it is sufficient to say that it is clear under the express rulings of this Court, and the settled jurisprudence on this point, that an appeal from a mere preliminary injunction will not lie; and we fail to discover any thing in the character of this case, after attentively considering the arguments so earnestly urged in the brief of the District Attorney, to take it out of the established rule. 29 An. 869; 3 R. 437.

The appeal is, therefore, dismissed at the appellant's costs.